IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE NATWEST TREASURY FUTURES SPOOFING LITIGATION | No. 21-cv-06816<br><br>Judge John F. Kness |

ORDER

Defendant's motion to stay discovery (Dkt. 52) pending the resolution of the motion to dismiss is granted. Oral argument on the pending motion to dismiss (Dkt. 50) will be set by separate order. See accompanying Statement for details.

STATEMENT

Before the Court is Defendants NatWest Securities Inc., NatWest Markets Plc, and NatWest Group plc ("Defendants") motion to stay discovery. (Dkt. 52). Defendants request that the Court stay discovery until after their motion to dismiss (Dkt. 50) is resolved.

District courts have broad discretion in managing discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). In determining whether to stay discovery, some district courts have applied a three-part test: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). These factors, although not binding, are instructive. In this case, they weigh in favor of a stay.

Turning first to prejudice, Plaintiffs, as the nonmoving party, would not be unduly prejudiced by a stay. Mere delay in the resolution of the case is not sufficient to show prejudice, and Plaintiffs do not point to any witnesses or evidence that will be lost if the stay is granted. (Dkt. 69 at 5–6; Dkt. 73 at 3.) Moreover, it appears that discovery in this case will focus on the materials (mostly documents) produced during the investigation by the Department of Justice; evidence of that sort is less likely to degrade over time. (Dkt. 52 at 5.) Because Plaintiffs are unlikely to suffer any prejudice beyond general delay, which this Court discounts, *see Rodriguez v. Ford Motor Company*, 2022 WL 704780 at *1, (N.D. Ill. Mar. 9, 2022), this factor weighs in favor of granting the stay.

Second, whether this litigation will be simplified through a stay weighs lightly in favor of a stay. This is not due, as Defendants appear to contend, to any likelihood that the pending motion to dismiss will be granted. (Dkt. 52 at 3.) Although granting the motion to dismiss would certainly simplify the case, the likelihood of granting a pending motion to dismiss is generally not an appropriate basis for a stay. Granting a stay based on an assessment of the merits of an underlying motion "would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss[,]" but doing so "would circumvent the procedures for resolution of such a motion." *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010) (cleaned up). That said, entering a stay will relieve the Court of the obligation both to enter and manage a case schedule and to oversee discovery. This means that the Court will not need to conduct periodic status hearings or to adjudicate possible (perhaps likely) discovery disputes. For these reasons, a stay simplifies the case, if only mildly.

Finally, and for reasons similar to the simplification inquiry, a stay will materially reduce the burden on the parties or the Court. Defendants argue that discovery will burden them and the Court because of the sheer volume of documents that will be sought in the discovery process and the potential application of foreign privacy laws. (Dkt. 52 at 5.) Mere volume is not usually a basis for granting a stay, nor are concerns about how labor-intensive discovery will be. *See Witz v. Great Lakes Educ. Loan Servs.*, 2020 WL 8254382 at *2. But discovery in this case may be complicated by the laws of the United Kingdom, which Defendants assert impose different restrictions in the civil context than the criminal context. (Dkt. 52 at 6–7; Dkt. 52-2 ¶¶ 3–5.) Granting the motion to stay would spare the parties and the Court the burden of prematurely delving into the laws of a foreign country. This factor, then, weighs in favor of granting the motion to stay. On balance, the Court finds that a stay would not unduly disadvantage Plaintiff, would simplify the litigation, and would reduce the burden on the parties and the Court. Accordingly, Defendants' motion (Dkt. 52) to stay discovery is granted.

SO ORDERED in No. 21-cv-06816.

Date: March 28, 2023

_____
JOHN F. KNESS
United States District Judge